Harvey Bartle IV
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ 08540-6241
Phone: (609) 919-6600

OF COUNSEL
Michael J. Abernathy
Wan-Shon Lo
Maria Doukas
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606-1511
Phone: (312) 324-1000

Margaret A. McGreal
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000

*Attorneys for Plaintiffs Salix Pharmaceuticals, Inc.,*
*Salix Pharmaceuticals, Ltd., and*
*Bausch Health Ireland Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALIX PHARMACEUTICALS, INC., SALIX PHARMACEUTICALS, LTD., and BAUSCH HEALTH IRELAND LTD., <br><br> Plaintiffs, <br><br> v. <br><br> NORWICH PHARMACEUTICALS, INC., ALVOGEN PB RESEARCH & DEVELOPMENT, LLC. and ALVOGEN, INC., <br><br> Defendants. | Case No.: 3:24-cv-07140-RK-TJB <br><br><br> **FIRST AMENDED COMPLAINT** <br><br><br> *FILED UNDER SEAL* <br> *Document Filed Electronically* |

Plaintiffs Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., and Bausch Health Ireland, Ltd. (collectively, "Salix"), by their attorneys, Morgan, Lewis & Bockius LLP, file this First Amended Complaint for patent infringement against Norwich Pharmaceuticals, Inc. ("Norwich"), Alvogen PB Research & Development LLC ("Alvogen PB") and Alvogen, Inc. (collectively, "Defendants") and hereby allege as follows:

## PARTIES

1.      Plaintiff Salix Pharmaceuticals, Inc. is a corporation organized and existing under the laws of California having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

2.      Plaintiff Salix Pharmaceuticals, Ltd. is a corporation organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

3.      Plaintiff Bausch Health Ireland Ltd. is a company organized and existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, D24 PPT3, Ireland.

4.      On information and belief, defendant Norwich is a corporation organized and existing under the laws of Delaware, having places of business at 6826 State Highway 12, Norwich, New York 13815, 10 Bloomfield Avenue, Building B, Pine Brook, New Jersey 07058 and 44 Whippany Road, Suite 300, Morristown, New Jersey 07960.  On information and belief, Norwich is a wholly-owned subsidiary of Alvogen Group, Inc.  On further information and belief, Norwich is in the business of, among other things, manufacturing and packaging pharmaceutical products that it distributes in New Jersey and throughout the United States.

2

5.      On information and belief, defendant Alvogen PB is a limited liability company organized and existing under the laws of Delaware, having places of business at 44 Whippany Road, Suite 300, Morristown, New Jersey 07960 and 10 Bloomfield Avenue, Building B, Pine Brook, New Jersey 07058 and is Norwich's agent, including regarding ANDA No. 214370 for rifaximin 550 mg tablets ("Norwich ANDA").  On information and belief, Alvogen PB is a wholly-owned subsidiary of Alvogen Group, Inc.  On further information and belief, defendant Alvogen PB is in the business of, among other things, manufacturing, fabricating or processing pharmaceutical products that it distributes in New Jersey and throughout the United States.

6.      On information and belief, defendant Alvogen, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 44 Whippany Road, Suite 300, Morristown, New Jersey 07960.  On information and belief, defendant Alvogen, Inc. is a wholly-owned subsidiary of Alvogen Group, Inc.  On further information and belief, Alvogen, Inc. is in the business of, among other things, developing, manufacturing, and selling pharmaceutical products that it distributes in New Jersey and throughout the United States

7.      On information and belief, Norwich, Alvogen PB and Alvogen, Inc. acted in concert to prepare and submit the Norwich ANDA to FDA.

8.      On information and belief, if the Norwich ANDA were approved, Norwich, Alvogen PB and Alvogen, Inc. would directly or indirectly market, sell, and distribute the ANDA Product throughout the United States, including in New Jersey.  On information and belief, Norwich, Alvogen PB and Alvogen, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including regarding the ANDA Product, and enter into intercompany agreements with each other.  On information and belief, Norwich, Alvogen PB and

Alvogen, Inc. participated in, assisted with, and cooperated with each other in the acts complained of herein.

9.      On information and belief, if FDA were to approve the Norwich ANDA, Norwich, Alvogen PB and Alvogen, Inc. will act in concert to distribute and sell the ANDA Product throughout the United States, including within New Jersey.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**Personal Jurisdiction**

11.      Norwich is subject to personal jurisdiction in New Jersey because, among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  Norwich has a place of business in New Jersey, is qualified to do business in New Jersey, and has appointed a registered agent for service of process in New Jersey.  In particular, through its agents, Alvogen PB and Alvogen, Inc., Norwich prepared and submitted the Norwich ANDA in New Jersey and therefore has consented to general jurisdiction in New Jersey.

12.      On information and belief, Norwich develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in New Jersey, and therefore transacts business within New Jersey related to Salix's claims, and/or has engaged in systematic and continuous business contacts within New Jersey.

13.      On information and belief, Norwich consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in the District of New Jersey in one or more prior litigations,

4

including *Takeda Pharmaceutical, Co. Ltd. v. Norwich Pharmaceuticals, Inc.*, No. 2:20-cv-08966 (D.N.J. July 15, 2020).

14.     Alvogen PB is subject to personal jurisdiction in New Jersey because, among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  Alvogen PB is headquartered in New Jersey and has multiple places of business in New Jersey, is qualified to do business in New Jersey, has conducted and continues to conduct business in this judicial district and maintains extensive and systematic contacts with New Jersey, including through the marketing, distribution and/or sale of generic pharmaceutical drugs in New Jersey, either directly or through its affiliates, agents and/or alter egos, including Norwich, by selling pharmaceutical products in New Jersey.  In particular, Alvogen PB prepared and submitted the Norwich ANDA in New Jersey.

15.     On information and belief, Alvogen PB consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in the District of New Jersey in one or more prior litigations, including *Indivior Inc. v. Alvogen Pine Brook, Inc.*, No. 2:17-cv-07106 (D.N.J. Sept. 14, 2017).

16.     Alvogen, Inc. is subject to personal jurisdiction in New Jersey because, among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  Alvogen, Inc. is headquartered in New Jersey, is qualified to do business in New Jersey, has conducted and continues to conduct business in this judicial district and maintains extensive and systematic contacts with New Jersey, including through the marketing, distribution and/or sale of generic pharmaceutical drugs in New Jersey, either directly or through its affiliates, agents and/or alter egos, including Norwich, by selling pharmaceutical products in New Jersey.

17.    On information and belief, Alvogen, Inc. consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in the District of New Jersey in one or more prior litigations, including *Boehringer Ingelheim Pharmaceuticals, Inc. v. Alvogen, Inc.*, No. 2:23-cv-03911 (D.N. J. July 21, 2023).

18.    On information and belief, if the Norwich ANDA were approved, Defendants would directly or indirectly manufacture, market, sell, and/or distribute the ANDA Product within the United States, including in New Jersey, consistent with Defendants' practices for the marketing and distribution of other generic pharmaceutical products.  On information and belief, Defendants regularly do business in New Jersey, and their practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in New Jersey.  On information and belief, Defendants' generic pharmaceutical products are used and/or consumed within and throughout the United States, including in New Jersey.  On information and belief, the ANDA Product would be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey.  Each of these activities would have a substantial effect within New Jersey and would constitute infringement of the patents-in-suit in the event that the ANDA Product were approved before the patents-in-suit expire.

**Venue**

19.    Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this District as to Norwich because, among other things, Norwich (a) directed its agents, Alvogen PB and Alvogen, Inc., to prepare and submit the Norwich ANDA from their principal places of business in New Jersey; (b) has places of business in New Jersey; (c) has acted in concert with Alvogen PB and Alvogen, Inc. to seek approval from FDA to market and sell the Norwich ANDA Products in this

District; and (d) has engaged in regular and established business contacts with New Jersey by, among other things, contracting and engaging in related commercial activities concerning the marketing, making, shipping, using, offering to sell or selling Defendants' products in this District, and deriving substantial revenue from such activities.

**Norwich Used Alvogen PB and Alvogen, Inc. As Its Agents To Prepare And Submit the Norwich ANDA**

20.     Norwich owns the Norwich ANDA and, on information and belief, will directly benefit from the approval of the Norwich ANDA.

21.     Alvogen PB and Alvogen, Inc. are Norwich's agents, and in that capacity, Alvogen PB and Alvogen, Inc. prepared and submitted the Norwich ANDA on Norwich's behalf from their principal places of business in New Jersey.

22.     Norwich consented to Alvogen PB and Alvogen, Inc. acting on its behalf by engaging Alvogen PB and Alvogen, Inc. to prepare and submit the Norwich ANDA on Norwich's behalf.

23.     Alvogen PB and Alvogen, Inc. similarly consented to act on Norwich's behalf when they submitted the Norwich ANDA to FDA in New Jersey.

24.     In addition, since Alvogen PB and Alvogen, Inc. acted on Norwich's behalf and Norwich owns the Norwich ANDA, Norwich had the right to control and direct Alvogen PB's and Alvogen, Inc.'s acts related to the preparation and submittal of the Norwich ANDA.

25.     Alvogen PB and Alvogen, Inc. acted as Norwich's agents when they submitted the Norwich ANDA from their principal places of business in New Jersey.

26.     By virtue of its agency relationships with Alvogen PB and Alvogen, Inc., Norwich has a regular and established place of business in New Jersey.

27.    On information and belief, Norwich consented to venue, did not contest venue, or asserted counterclaims in the District of New Jersey in one or more prior litigations, including *Takeda Pharmaceutical, Co. Ltd. v. Norwich Pharmaceuticals, Inc.*, No. 2:20-cv-08966 (D.N.J. July 15, 2020).

**Alvogen PB and Alvogen, Inc. Prepared and Submitted the Norwich ANDA as Part of Their Regular Business in New Jersey**

28.    Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this District as to Alvogen PB and Alvogen, Inc. because, among other things, they (a) have their principal places of business in New Jersey; (b) have acted in concert with Norwich to seek approval from FDA to market and sell the Norwich ANDA Products in this District; (c) prepared and submitted the Norwich ANDA from their principal places of business in New Jersey; (d) conduct business, individually and/or in concert with Norwich, from their places of businesses located in this District; (e) have engaged in regular and established business contacts with New Jersey by, among other things, contracting and engaging in related commercial activities related to the marketing, making, shipping, using, offering to sell or selling Defendants' products in this District, and deriving substantial revenue from such activities; and (f) will directly benefit from the approval of the Norwich ANDA.

29.    Alvogen PB and Alvogen, Inc. are in the business of conducting testing and preparing and submitting ANDAs on behalf of their related entities, including Norwich, from their principal places of business in New Jersey.

30.    On information and belief, Alvogen PB and Alvogen, Inc. are regularly compensated for their services of conducting testing and preparing and submitting ANDAs on behalf of their related entities, including Norwich.

31.    Norwich consented to Alvogen PB and Alvogen, Inc. acting on Norwich's behalf when it engaged Alvogen PB and Alvogen, Inc. to prepare and submit the Norwich ANDA on Norwich's behalf.

32.    In addition, Alvogen PB and Alvogen, Inc. acted and continue to act on Norwich's behalf.  Since Norwich owns the Norwich ANDA, Norwich controlled and directed Alvogen PB's and Alvogen, Inc.'s acts related to the preparation and submittal of the Norwich ANDA.

33.    Regarding the Norwich ANDA, Alvogen PB and Alvogen, Inc. are Norwich's agent and, in that capacity, Alvogen PB and Alvogen, Inc. prepared and submitted the Norwich ANDA on Norwich's behalf from their principal places of business in New Jersey.

34.    Alvogen PB and Alvogen, Inc. also acted as Norwich's agents regarding the 2019 submission of Norwich's ANDA for rifaximin 200 mg tablets ("Norwich 200 mg ANDA"), which has the same application number as the Norwich ANDA.

35.    On December 19, 2019, Jyoti Sachdeva wrote to FDA regarding the submission of the Norwich 200 mg ANDA.  He signed the letter at Alvogen, Inc. in Pine Brook, New Jersey. The signature block also includes Patricia Jaworski, Vice President, Regulatory Affairs at Alvogen PB.

36.    As part of that submission in December 2019, Alvogen, Inc., as Norwich's agent, submitted an FDA 356h Form to FDA from its offices in Morristown, New Jersey.  The application lists "Applicant's Responsible Official" as Patricia Jaworksi, Vice President, Regulatory Affairs and Jyoti Sachdeva, Senior Director, Regulatory Affairs, with an address at 44 Whippany Road, Suite 300, Morristown, New Jersey 07960.  Mr. Sachdeva signed and submitted the FDA 356h Form in Alvogen, Inc.'s office in Pine Brook, New Jersey.

9

37. ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████ .

38.    From 2019 until 2024, Mr. Sachdeva, Ms. Ryder and other Alvogen employees submitted over 18 FDA 356h Forms from Alvogen, Inc.'s offices in Pine Brook, New Jersey and Morristown, New Jersey.

39.    In May 2024, Alvogen PB and Alvogen, Inc., as Norwich's agents, submitted at least two FDA 356h Forms to FDA from its offices in Morristown, New Jersey.  The application lists "Applicant's Responsible Official" as Mrs. Michele Ryder, Vice President, Regulatory Affairs with an address at 44 Whippany Road, Suite 300, Morristown, New Jersey 07960.  Ms. Ryder, Executive Director, Regulatory Affairs at Alvogen PB and Vice President of US Regulatory Affairs at Alvogen Group, Inc., signed and submitted both FDA 356h Forms in New Jersey.

40.    ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████

41.    ████████████████████████████████████████████████████████

██████████████████████████████████████████████████

**Alvogen PB and Alvogen, Inc. Developed And Tested The Rifaximin Products**

42.    On information and belief, ███████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████

43. ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████

44. ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

**Alvogen PB Regularly Prepares and Submits ANDAs as Part of its Business in New Jersey**

45.    Alvogen PB also prepared and submitted another ANDA relating to rifaximin on Norwich's behalf.  In *Salix Pharmaceuticals, Ltd. v. Norwich Pharmaceuticals, Inc.*, No. 20-cv-00430 (D. Del. Sept. 21, 2022), ECF No. 212 at 8, Alvogen PB's executive signed a letter to FDA regarding Norwich ANDA No. 214369 in Morristown, New Jersey.

46.    In addition to its work relating to rifaximin tablets on Norwich's behalf, Alvogen PB also has prepared and submitted ANDAs relating to other generic drugs on behalf of Alvogen-related entities, including Norwich.  For example, in *Takeda Pharmaceutical Co. Ltd. v. Norwich Pharmaceuticals, Inc.*, No. 2:20-cv-08966 (D.N.J. Sept. 14, 2020), ECF No. 15-1 at 8-9, Alvogen PB admitted that it provides "regulatory and administrative services related to ANDAs, such as preparing and filing ANDAs" and "[i]n [that] capacity as regulatory agent, Alvogen PB assisted with the preparation and electronic filing of the Norwich ANDA."

47.    On information and belief, Alvogen PB consented to venue, did not contest venue, or asserted counterclaims in the District of New Jersey in one or more prior litigations, including *Indivior Inc. v. Alvogen Pine Brook, Inc.*, No. 2:17-cv-07106 (D.N.J. Feb. 21, 2018), ECF No. 28

11

¶¶ 6-10 ("Alvogen avers that it is in the business of developing and manufacturing generic pharmaceutical products, some of which are distributed, marketed and/or sold in New Jersey" and "Alvogen does not contest venue in this district for purposes of this action.").

48.    On information and belief, Alvogen, Inc. consented to venue, did not contest venue, or asserted counterclaims in the District of New Jersey in one or more prior litigations, including *Boehringer Ingelheim Pharmaceuticals, Inc. v. Alvogen, Inc.*, No. 2:23-cv-03911 (D.N.J. July 21, 2023).

## NATURE OF THE ACTION

49.    This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Defendants' submission of an amendment to an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of Xifaxan® (rifaximin tablets, 550 mg) before the expiration of U.S. Patent Nos. 11,779,571 ("the '571 patent"), and 11,564,912 ("the '912 patent") (collectively, the "Xifaxan® patents" or "patents-in-suit").

## THE XIFAXAN® NDA

50.    Salix Pharmaceuticals, Inc. holds the approved New Drug Application ("NDA") Nos. 021361 and 022554 (a supplement to NDA No. 021361 that was granted a new NDA number for Xifaxan® (rifaximin) 550 mg tablets).

51.    FDA approved NDA No. 021361 for Xifaxan® 200 mg tablets on May 25, 2004 and approved NDA No. 022554 for Xifaxan® 550 mg tablets on March 24, 2010.  Xifaxan® 550

12

mg tablets are indicated for, among other things, the treatment of irritable bowel syndrome with diarrhea ("IBS-D") in adults.

## THE PATENTS-IN-SUIT

52.     On October 10, 2023, the '571 patent, titled "Methods for Treating Irritable Bowel Syndrome (IBS)," was duly and legally issued to Salix Pharmaceuticals, Inc. as assignee.  A true and correct copy of the '571 patent is attached hereto as Exhibit A.

53.     On January 31, 2023, the '912 patent, titled "Methods for Treating Irritable Bowel Syndrome (IBS)," was duly and legally issued to Salix Pharmaceuticals, Inc. as assignee.  A true and correct copy of the '912 patent is attached hereto as Exhibit B.

54.     In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '571 patent and the '912 patent are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") for Xifaxan®.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

55.     By letter dated May 10, 2024 ("Notice Letter"), Alvogen PB, agent for Norwich, notified Salix that Defendants had submitted to FDA an amendment to ANDA No. 214370, seeking approval from FDA to engage in the commercial manufacture, use, and/or sale of generic rifaximin 550 mg tablets ("ANDA Product") under 21 U.S.C. § 355 (j) before the expiration of the Xifaxan® patents.  The Notice Letter states that Defendants have received an acknowledgement letter for the Norwich ANDA from FDA.  It also states that it included a Paragraph IV certification for the '571 and '912 patents.  Michelle Ryder, Executive Director, Regulatory Affairs at Alvogen PB and Vice President of US Regulatory Affairs at Alvogen Group, Inc., signed the Notice Letter.

56.     On information and belief, Defendants submitted an amendment to ANDA No. 214370 to FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, seeking

13

approval to engage in the commercial manufacture, use, and sale of Norwich's ANDA Product as a generic version of Xifaxan® 550 mg tablets.

57.     On information and belief, the Norwich ANDA seeks FDA approval of Norwich's ANDA Product for the indication of the treatment of irritable bowel syndrome with diarrhea (IBS-D) in adults.

58.     The Notice Letter stated that the Norwich ANDA includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") regarding several Xifaxan® patents, including the '571 patent and the '912 patent, and that, in Defendants' opinion, certain claims of the Xifaxan® patents are invalid, unenforceable, and/or not infringed.

59.     On information and belief, Defendants' statements of the factual and legal bases for their assertions regarding non-infringement and invalidity of the Xifaxan® patents are devoid of an objective good faith basis in either facts or the law.  This case is therefore exceptional.

60.     An actual, real, immediate, and justiciable controversy exists between Salix and Defendants regarding the infringement, validity, and enforceability of the Xifaxan® patents.

61.     Salix commenced this action within 45 days of receiving the Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
### (Infringement of the '571 Patent)

62.     Salix incorporates the allegations in the preceding paragraphs as if fully set forth herein.

63.     By submitting the Norwich ANDA to FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Norwich's ANDA Product throughout the United States, including New

Jersey, before the expiration of the '571 patent, Defendants committed an act of infringement of the '571 patent under 35 U.S.C. § 271(e)(2)(A).

64.    The '571 patent claims, *inter alia*, methods of treating bloating associated with diarrhea-predominant irritable bowel syndrome in females with rifaximin.

65.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product before the expiration of the '571 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '571 patent under 35 U.S.C. §§ 271(b) either literally or under the doctrine of equivalents.

66.    On information and belief, Norwich's ANDA Product, if approved by FDA, will be prescribed and administered to human patients, including females to relieve the signs and symptoms of diarrhea-predominant irritable bowel syndrome, which uses will constitute direct infringement of one or more claims of the '571 patent.

67.    On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know will occur.

68.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Salix's rights under the '571 patent.

69.    On information and belief, Defendants know that their commercial manufacture, use, offer for sale, sale and/or importation of Norwich's ANDA Product before the '571 patent's expiry will induce the direct infringement of one or more claims of the '571 patent.

70.    On information and belief, Defendants' acts will be performed with knowledge of the '571 patent and with intent to encourage infringement before the '571 patent's expiry.

71.    Defendants were aware of the '571 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '571 patent in the Notice Letter.

72.    Salix will be substantially and irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Salix does not have an adequate remedy at law.

## COUNT II
### (Infringement of the '912 Patent)

73.    Salix incorporates the allegations in the preceding paragraphs as if fully set forth herein.

74.    By submitting the Norwich ANDA to FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Norwich's ANDA Product throughout the United States, including New Jersey, before the expiration of the '912 patent, Defendants committed an act of infringement of the '912 patent under 35 U.S.C. § 271(e)(2)(A).

75.    The '912 patent claims, *inter alia*, methods of treating irritable bowel syndrome in females with rifaximin.

76.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product before the expiration of the '912 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '912 patent under 35 U.S.C. §§ 271(b) either literally or under the doctrine of equivalents.

77.    On information and belief, Norwich's ANDA Product, if approved by FDA, will be prescribed and administered to human patients, including females, to relieve the signs and symptoms of irritable bowel syndrome in patients, which uses will constitute direct infringement of one or more claims of the '912 patent.

78.     On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know will occur.

79.     On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Salix's rights under the '912 patent.

80.     On information and belief, Defendants know that their commercial manufacture, use, offer for sale, sale and/or importation of Norwich's ANDA Product before the '912 patent's expiry will induce the direct infringement of one or more claims of the '912 patent.

81.     On information and belief, Defendants' acts will be performed with knowledge of the '912 patent and with intent to encourage infringement before the '912 patent's expiry.

82.     Defendants were aware of the '912 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '912 patent in the Notice Letter.

83.     Salix will be substantially and irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Salix does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Salix requests the following relief:

i.      A judgment that the patents-in-suit have been infringed under 35 U.S.C. § 271(e)(2) by Defendants' submission of the Norwich ANDA to the FDA;

ii.     A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of the Norwich ANDA Product, or any other drug product the use of which infringes the patents-in-suit, be not earlier than the expiration dates of said patents, inclusive of any extension or additional period of exclusivity pursuant to 35 U.S.C. § 271(e)(4)(A);

17

iii.        A permanent injunction enjoining Defendants, and all persons acting in concert with Defendants, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product, or any other drug product whose use is covered by the patents-in-suit, before the expiration of said patents, inclusive of any extension or additional period of exclusivity;

iv.        A judgment that the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product, or any other drug product whose use is covered by the patents-in-suit, before the expiration of said patents, will infringe and induce infringement of said patents;

v.        An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 214370 under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of any of the patents in suit, inclusive of any extension or additional period of exclusivity;

vi.        A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

vii.        Costs and expenses in this action; and

viii.        Such further and other relief as this Court may deem just and proper.

Dated:  October 25, 2024                    Respectfully submitted,


By:  *s/ Harvey Bartle IV*
Harvey Bartle IV
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ 08540-6241
Phone: (609) 919-6600

OF COUNSEL
Michael J. Abernathy
Wan-Shon Lo
Maria Doukas
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606-1511
Phone: (312) 324-1000

Margaret A. McGreal
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000

*Attorneys for Plaintiffs Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., and Bausch Health Ireland Ltd.*

19