**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **SALIX PHARMACEUTICALS, INC., SALIX PHARMACEUTICALS, LTD., ALFASIGMA S.P.A., BAUSCH HEALTH IRELAND LTD.** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 24-04607** |
| **AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, AMNEAL EU, LIMITED** | : | |
| **SALIX PHARMACEUTICALS, INC., SALIX PHARMACEUTICALS, LTD., BAUSCH HEALTH IRELAND LTD.** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 24-07140** |
| **NORWICH PHARMACEUTICALS, INC., ALVOGEN, INC.** | : | |

# ORDER

**AND NOW**, this 25th day of August 2026, it is **ORDERED** we will hold a hearing on any pending motions on **October 7, 2026** at **12:30P.M.** in **Courtroom 3B**, Third Floor, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania. In addition, the parties are invited to provide supplemental briefing and contextual evidence where available on the topics identified below as well as any related issues that the parties see fit to address. Defendants' supplemental brief shall be filed no later than **Wednesday, September 16, 2026,** and plaintiffs' responsive supplemental brief shall be filed no later than **Wednesday, September 30, 2026**. The parties' respective supplemental briefs shall not exceed 20 pages (not including charts/tables, which are encouraged and would be helpful here) and should address the following topics:

1) The applicability of "issue preclusion" (i.e., collateral estoppel) here.

a. Identify the specific factual issues bearing on obviousness here.

b. Identify the specific factual issues that were previously litigated in *Norwich I*.

c. Analyze the overlap between those two sets of factual issues.[1]

d. Explain whether issue preclusion applies either in whole or in part to any such overlap and how that should affect the Court's obviousness determination here.

2) Explain whether the *Norwich I DC* opinion's acknowledgment that "[t]he parties d[id] not discuss whether there is any difference between the motivation to use rifaximin to treat IBS and to treat IBS-D," is pertinent to the applicability of issue preclusion here. 2022 WL 3225381, at *19, n. 3.

3) The applicability of "claim preclusion" (i.e., res judicata) here.

a. Explain whether claim preclusion should apply in this case.

b. Defendants cite *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160 (Fed. Cir. 2018)—Mem. at 1,8, 10, 15 and Reply at 8—which deals with claim preclusion, not issue preclusion—see *SimpleAir*, 884 F.3d at 1165-69—yet Plaintiffs do not appear to object to its use on that basis— Opp. at 21-22. Does legal precedent regarding claim preclusion have some bearing on the application of issue preclusion?

4) The Court is inclined to interpret the claim language "achieved following 7 days after ***the administration*** of rifaximin" to mean "achieved following 7 days after 550 mg of

[1] The parties should refrain from repeating the same conclusory arguments regarding whether the patent claims at issue are "materially different" or "patentably distinct" from the adjudicated patent claims. Instead, the parties should seek to demonstrate whether any pertinent factual differences exist between their respective obviousness analyses by comparing the underlying factual determinations implicated in each obviousness analysis.

rifaximin was administered TID for 14 days," or in other words, "achieved a week after the administration of rifaximin was completed."

a. Explain why the Court should or should not interpret "the administration of rifaximin" as referring to the full 14-day rifaximin regimen.

5) Explain how the "new" limitations in the asserted patent claims affect the infringement analysis here.

**MURPHY, J.**